## ST. LOUIS & S. F. R. CO. v. KEIFFER.

No. 4020.     Opinion Filed May 25, 1915.

Opinion on Rehearing Filed June 29, 1915.

(150 Pac. 1026.)

1.  **PLEADING—Amendment.** It is not error to permit an amendment, which pleads an additional cause of action, growing out of the same transaction, if it does not substantially change the claim or defense.

2.  **LIMITATION OF ACTIONS—Running of Statute—Foreign Corporation—Person Absent from State.** The statute of limitation does not run in favor of a foreign corporation, which has not complied with section 43, art. 9, of the Constitution of Oklahoma; such corporation being a person out of the state; and under section 5553, Comp. Laws 1909 (section 4660, Rev. Laws 1910), the personal absence of the defendant from the state puts in repose the statute of limitation.

3.  **DAMAGES—Personal Injuries—Mental Pain and Anguish.** No recovery can be had for mental pain and anguish, which is not produced by, connected with, or the result of, some physical suffering or injury to the person enduring the mental anguish. Damages for pain suffered mentally, as the result of a physical injury, are allowed, for the reason that such mental suffering is necessarily a part of the physical suffering and injury, and is inseparable therefrom.

(Syllabus by Brett, C.)

### ON REHEARING.

4.    **APPEAL AND ERROR—Decision—Excessive Judgment—Offer to Remit.** When plaintiff in the judgment offers in this court to remit the amount he is not legally entitled to recover, and this court can separate and determine the items which he was lawfully entitled to recover from the balance of the judgment, the judgment appealed from will be modified and affirmed.

(On Rehearing—Syllabus by Galbraith, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by Harry Keiffer against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Modified and affirmed on petition for rehearing.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*Ledbetter, Stuart & Bell,* for defendant in error.

Opinion by BRETT, C. This action was filed in the district court of Murray county by the defendant in error, Harry Keiffer, as plaintiff in that court, against the plaintiff in error, the St. Louis & San Francisco Railroad Company, which was defendant in that court, to recover damages arising from an alleged breach of contract. The parties will hereinafter be referred to as they appeared in the court below. The original petition was filed December 3, 1909, and alleges: That David Keiffer. a brother of the plaintiff, was seriously ill at Madill, Okla., and the plaintiff was advised by the attending physician that an operation might save his life. That it was determined he should be carried to Gainesville, Tex., for the purpose of having the operation performed. That to make connection with the early morning southbound train on the Santa Fe it was necessary to obtain the service of a special train from Madill to Ardmore. That

plaintiff made a contract with the defendant to run a special train from Madill to Ardmore, to make connection with the Santa Fe, for the sole purpose of carrying his sick brother to Gainesville, to have the operation performed. That the defendant knew the purpose for which said train was being chartered, and that plaintiff paid for said train the sum of $75. That the special train left Madill in ample time to make the connection at Ardmore, but for the negligence of defendant in permitting certain freight trains to block the track when in a few miles of Ardmore, and prevented the special train, chartered by the plaintiff, from making connection with the Santa Fe at Ardmore. That the sick brother was conscious, and heard the whistle of the Santa Fe as it approached Ardmore, and realized that the connection could not be made and grew worse, and abandoned all hope of life, and died shortly after reaching Ardmore. That the plaintiff endured great mental pain and suffering on account of the delay and by reason of witnessing the suffering and worry of his sick brother, which was intensified by reason of the delay. And on account of the matters pleaded asks for damages in the sum of $1,950. The defendant demurred to the petition, which was overruled. The defendant then answered by general denial, and specifically denied that it contracted to make connection with the Santa Fe, but only contracted to make the run in a reasonable time under all the circumstances, and alleged that at the point at which the delay occurred, the defendant was running over the Rock Island track, and that the trains which obstructed the progress of the special were Rock Island freight trains over which it had no control, and that the delay was unavoidable, and denied the authority of the agent at Madill to contract for the

special to make the trip in any specified time. On December 6, 1911, the plaintiff amended his petition by alleging that the special train was not properly heated, and that he suffered with cold during the trip; that he lost sleep, and endured physical pain and suffered great mental pain and anguish, by reason of the delay, and, on account of defendant violating its contract and the $75 expended by the plaintiff to procure the train, and the anxiety and pain suffered by plaintiff, asks for $1,950. The defendant refiled its original answer, with an additional clause which pleads the statute of limitation as to the new matters pleaded in plaintiff's amended petition. The cause was tried to a jury, which returned a verdict for plaintiff for $700, judgment was rendered for the amount of the verdict, and from this judgment the defendant has perfected its appeal.

There are a number of assignments of error, many of which we think are without merit.

The defendant complains of the action of the court in permitting the plaintiff to amend his petition. This we think is not well taken. It is true the amended petition pleads an additional cause of action, but growing out of the transaction, and under section 5679, Compiled Laws 1909, as construed by this court in *Z. J. Fort Produce Co. v. Southwestern Grain & Produce Co.*, 26 Okla. 13, 108 Pac. 387, this was permissible. In this opinion Justice Hayes quotes with approval, and adopts the views expressed in *Culp v. Steere et al.*, 47 Kan. 746, 28 Pac. 987, which, among other things, says:

"The statute does not provide that the amendment shall not change the form of action or cause of action, but it simply provides that the amendment shall not 'change substantially the claim or defense.'"

We think the amendment was properly allowed.

The defendant further complains because the court refused to instruct the jury to the effect that the new matters pleaded in the amended petition were barred by the statute of limitations. This contention might have been good if the defendant had been a citizen, and at all times present in the state. But, being a foreign corporation and non-resident, and never personally in the state, under section 553, Comp. Laws 1909 (Rev. Laws 1910, section 4660), which provides that:

"If when a cause of action accrues against a person, he be out of the state, * * * the period limited for the commencement of the action shall not begin to run until he comes into the state"

—the statute of limitation did not run against the cause of action pleaded in the amended petition.

This question is settled by *Hale v. St. L. & S. F. R. Co.*, 39 Okla. 192, 134 Pac. 949, which holds squarely that the statute of limitation does not run against a cause of action against a foreign corporation which has not complied with section 43, art. 9, of the Constitution of Oklahoma, on the theory that such foreign corporation is a person without the state, and that personal absence of the defendant from the state takes the case out of the statute. See, also, *Okla. Nat'l Bank v. C., R. I. & P. Ry. Co.*, 45 Okla. 707, 146 Pac. 716, opinion by Turner, Justice.

The most serious matter raised by the defendant in this case, we think, is its objection to the eighth instruction given by the court. The instructions offered by the defendant were properly refused. But, under the authority of the *Western Union Telegraph Co. et al. v. Chou-*

*teau,* 28 Okla. 664, 115 Pac. 879, 49 L. R. A. (N. S.) 206, Ann. Cas. 1912D, 824, we think this instruction is erroneous.

The instruction as set out in the record is the following:

"If you find that the defendant used ordinary care, as heretofore defined to you herein, to move said special train from Madill to Ardmore in a reasonable time, and that by such failure David Keiffer was caused to suffer in any way that he would not otherwise have suffered, and that the plaintiff herein endured mental suffering on account of such additional pain and suffering of his brother, and that said suffering was caused by the defendant herein not moving said train, then you should find for the plaintiff such sums of money as under all the facts of the case will afford him a reasonable compensation for such mental suffering."

This instruction authorizes the jury to award damages for the mental anguish suffered by the plaintiff, as a result of witnessing any additional suffering of his brother, caused by the delay of the defendant in moving the train. Whether we personally agree with the rule or not, nevertheless it is the law of Oklahoma that no recovery can be had for mental suffering which is not produced by, connected with, or the result of physical suffering or injury to the person enduring the mental anguish. There is no question but what the plaintiff suffered mental pain and anguish by reason of the fact that the train was delayed—his brother was suffering, and he had hoped for relief to his brother on reaching Gainesville—but that mental pain and anguish was disconnected with, and not the result of, any physical suffering or injury sustained by himself. In his amended petition he complains that he suffered with cold while

waiting on the track and during the trip, and that he lost sleep on account of the delay; and it is manifest that the mental anguish contemplated by the instruction under consideration was not produced by either of thees alleged injuries to himself. And in *Western Union Telegraph Co. et al. v. Choteau, supra,* the court adopts and announces the theory that damages for mental suffering are not allowable, save as incidental to physical injury, but that:

"In the case of a physical injury, damages for pain suffered, bodily and mentally, are allowed for the reason that such mental suffering is necessarily a part of the physical injury, and inseparable therefrom."

—and cites and quotes many authorities in support of this view. This court having adopted this doctrine, we are bound by it, and the instruction, viewed from this standpoint, we think, is erroneous. What effect it had upon the verdict of the jury, or what amount of the verdict the jury intended, as compensation for the mental anguish contemplated by the instruction, we are unable to say.

With the exception of this instruction, and the evidence of the plaintiff concerning the suffering of his brother, which was excepted to by the defendant, we find no reversible error in the record. But by reason of these errors, we think the defendant is entitled to a new trial. We recommend that the judgment be reversed, and the cause remanded.

## ON REHEARING.

Opinion by GALBRAITH, C. On May 25, 1915, an opinion was handed down in this case reversing and remanding the same for a new trial. The reason for such order was error in the instruction of the court to the jury

which permitted the plaintiff to recover for mental, anguish not connected with some physical injury sustained by him. The evidence showed that the plaintiff below paid the railroad company $75 for a special train from Madill to Ardmore, and his right to recover the sum was not seriously contested. In fact, his right to recover the $75 paid for the train, under the circumstances disclosed by the evidence, was clear. The defendant in error has now filed his petition for rehearing, in which he offers to remit all claim for damages, except the sum of $75 paid for the special train and interest thereon from the date of its payment. Upon this offer, on authority of *Ayers v. Coon*, 45 Okla. 706, 146 Pac. 707, and cases therein cited, the defendant in error is entitled to have the order reversing and remanding vacated, and the judgment appealed from modified and affirmed. We, therefore, recommend that the order reversing and remanding this cause be vacated, and that the judgment appealed from be modified and affirmed for the sum of $75 and 6 per cent per annum interest from the 9th day of December, 1907.

By the Court: It is so ordered.