THOMPSON v. MINNIS et al.

No. 33305.  Feb. 15, 1949.

*202 P. 2d 981.*

Henry Donham, of Little Rock, Ark., Roy Frye, of Sallisaw, and Thomas Harper, of Fort Smith, Ark., for plaintiff in error.

Wall & Green, of Sallisaw, for defendants in error.

O'NEAL, J. Defendants in error, Robbie Minnis and Evelyn Minnis, brought this action against the plaintiff in error to recover damages alleged to have been caused by the negligence of the agent of plaintiff in error at Sallisaw, Oklahoma, in erroneously selling Robbie Minnis a ticket to transport Evelyn Minnis and Betty Lou Minnis, a minor daughter of Robbie Minnis, from Sallisaw to Lebanon, Missouri, instead of from Sallisaw to Lilbourn, Missouri, as requested by the purchaser. It also included a claim for damages on behalf of Betty Lou Minnis, but a demurrer to the evidence as to her claim was sustained.

Robbie and Evelyn Minnis will be hereinafter referred to as plaintiffs, and plaintiff in error will be referred to as defendant, as in the trial court.

Plaintiffs are colored (Negro) people and Robbie Minnis is the mother of Betty Lou Minnis, who at the time the ticket was purchased was about two and a half years of age. Robbie Minnis was then about 20 years of age and lived at Sallisaw, Oklahoma.

Evelyn Minnis is the sister of Robbie Minnis' husband and lived at Lilbourn, Missouri.

On August 23, 1944, Evelyn Minnis was at the home of Robbie Minnis in Sallisaw and was about to return with Betty Lou to her home in Lilbourn, Missouri. On the same date Robbie Minnis went to the railroad station in Sallisaw to purchase a ticket for Evelyn Minnis from Sallisaw to Lilbourn, Missouri. Betty Lou was not required to pay any fare. The station agent was not in. Miss Lois Hawkins, station clerk, was in charge of the office. Robbie explained to her that she wished to purchase a ticket for her sister-in-law and little daughter, Betty Lou, to Lilbourn, Missouri, but that she did not intend to start until the next day, August 24th. For some reason, upon which the evidence is in conflict, she did not get the ticket at that time and Miss Hawkins asked her to come back the next day when Mr. Butler, the station agent, would be present.

The next day, at about 7:30 a.m. Robbie, Evelyn, and Betty Lou went to the station to purchase the ticket. The train upon which they were to make their journey was not due to leave until about 4:30 p.m. that day. Robbie told the agent that she wanted a ticket to Lilbourn, Missouri, and that she had been at the station the evening before and that Miss Hawkins was unable to find the proper form of ticket. There was some discussion of the route and Robbie explained that she thought it should be through Little Rock, Arkansas, and Memphis, Tennessee. Butler told her that it would be through Ft. Smith and Monett, Missouri. Butler then filled out the ticket and Robbie paid the money therefor, but the ticket was made

out with "Lebanon, Missouri" as the destination, instead of Lilbourn, Missouri. The ticket was delivered to Robbie who in turn gave it to Evelyn who put it in her purse. Evelyn and Betty Lou boarded the train that afternoon and arrived at Lebanon, Missouri, the next morning at 2:30 a.m., and were told by the conductor or brakeman that they had reached their destination. When they got off the train Evelyn discovered that she was not in Lilbourn, but in Lebanon, a strange town and a place where she had never before been.

They were without funds and were afraid that Lebanon was a town where Negroes were not allowed. They explained their situation to the depot agent at Lebanon and he advised them that they had better stay in or around the depot. Being without means with which to purchase food, they stayed in or around the depot for about 24 hours without food or shelter other than the depot. Then a colored woman who lived in Lebanon heard of their plight and took them to her home and fed and kept them for about another 24 hours. In the meantime, they had wired to Robbie Minnis at Sallisaw explaining their situation. She did not have enough money to send them to buy transportation on to Lilbourn. She appealed to the depot agent at Sallisaw and he told her that all he could do was give her the home address of the office of the railroad company and she could write to them. Robbie obtained sufficient money to buy transportation from Lebanon to Lilbourn from relatives in Tulsa and wired it to Evelyn and she finally arrived at Lilbourn about two days later than she would have arrived had the mistake not been made.

Plaintiff alleged negligence on the part of the agent in making out a ticket for the wrong destination and sought damages in favor of Robbie Minnis in the sum of $1,000, plus $21.39 alleged to have been expended in getting Evelyn and Betty Lou through from Lebanon, Missouri, to Lilbourn; $1,000 damages in favor of Evelyn, plus $6 for her alleged loss of time; and $1,000 damages for Betty Lou. Defendant answered the petition by general denial. The issues were tried to a jury and, as stated, demurrer to plaintiffs' evidence was sustained as to Betty Lou. The verdict and judgment were for Robbie Minnis in the sum of $265.54 and for Evelyn in the sum of $250, and defendant appeals.

Ten assignments of error are presented under four propositions. It is first contended that the trial court erred in overruling defendant's demurrer to plaintiffs' evidence as to Robbie Minnis and Evelyn Minnis and in refusing defendant's requested instructions for a directed verdict in its favor.

In this connection defendant cites and relies in part on 13 O.S. 1941 §16, which provides:

"A passenger . . . by accepting a ticket . . . with a knowledge of its terms, assents to . . . the time, place and manner of delivery therein stated. But his assent to any other modification of the carrier's rights or obligations contained in such instrument can only be manifested by his signature to the same."

Defendant cites Railway Express Agency v. Stephens, 183 Okla. 615, 83 P. 2d 858. The case is not in point. There the bill of lading correctly reflected the actual contract of the parties and the plaintiff therein expressly agreed that the value of the goods to be transported was $150 instead of $750, the actual value. The reduced value was in consideration of a reduction in the charges for the transportation. Under said section that was a modification of the carrier's obligation based upon the reduction of the charges for transportation. The bill of lading was the correct contract between the parties and the court held that the plaintiff was bound thereby.

Defendant also cites Missouri Pacific R. R. Co. v. Prude, 265 U.S. 99, 68 L. Ed. 919. In that case the ticket purchased by plaintiff reflected the true contract

between the parties. Negligence of the agent in preparing a ticket other than that which purchaser requested was not involved. In the case at bar, failure of the purchaser or passenger to read the ticket, which might have disclosed error, was at most contributory negligence, but contributory negligence was not pleaded in this case. However, the trial court did submit the issue of contributory negligence in the instructions to the jury in terms perhaps more favorable to the defendant than he would have been entitled to had contributory negligence been pleaded. The general rule is:

" . . . a passenger has a right to rely on the ticket agent, and is not bound as a matter of law to read or examine his transportation before taking the train. It is for the jury to say whether the passenger is guilty of negligence in not discovering the mistake of the agent before taking the train, and the mere failure to examine or read his ticket or contract of carriage is not conclusive on that question." Olson v. Northern Pac. Ry. Co., 49 Wash. 626, 96 P. 150.

That is a well considered case and therein the court cites cases from the Supreme Court of the United States and from several states in support of the rule announced. True, it is said that there is some conflict in the authorities, but we agree that the rule there stated is the better rule.

Both plaintiffs testified that they relied wholly on the agent to make out the ticket to Lilbourn, Missouri, as requested. This they had a right to do under the above authorities.

It is next contended that the court erred in instructing the jury to the effect that plaintiffs could recover for pain, suffering, mental anguish and distress. The record does not show that the court included the words, "pain and suffering" in the instructions. Examination of the instructions given discloses that the court included only "mental distress or anxiety."

The authorities are not in harmony on the question of whether or under what circumstances a plaintiff may recover damages for mental anguish and suffering in the absence of evidence of physical injury. In Texas & Pacific Ry. Co. v. Armstrong, 93 Tex. 31, 51 S. W. 835, it was held:

"A railroad company selling the wrong ticket to a woman unaccustomed to traveling is liable for mental anguish suffered by her while waiting in a city in which she was a stranger, and where she was compelled to ask a hotel man to keep her until she could get money to pay her bill."

In 52 Am. Jur. 388, it is said that the general rule is that the right to maintain an action may not be predicated upon a mental or emotional disturbance alone. This court is committed to the latter rule. In St. Louis & San Francisco Ry. Co. v. Keiffer, 48 Okla. 434, 150 P. 1026, it was held:

"No recovery can be had for mental pain and anguish, which is not produced by, connected with, or the result of, some physical suffering or injury, to the person enduring the mental anguish. Damages for pain suffered mentally, as the result of a physical injury, are allowed, for the reason that such mental suffering is necessarily a part of the physical suffering and injury, and is inseparable therefrom."

The evidence in this case as to plaintiff Robbie Minnis brings it squarely within the rule there stated. No doubt she suffered anguish and anxiety by reason of the fact that her small child was stranded in a strange town, among strangers, and without money to pay her fare to her proper destination. But such mental anguish and distress were not produced by, connected with, or the result of any physical suffering or injury to the person of Robbie Minnis. The general rule, stated in 15 Am. Jur. 597-8, is as follows:

"In law mental anguish is restricted, as a rule, to such mental pain or suffering as arises from an injury or wrong to the person himself, as distinguished from that form of mental suffering

which is the accompaniment of sympathy or sorrow for another's suffering or which arises from a contemplation of wrongs committed on the person of another. Pursuant to the rule stated, a husband or wife cannot recover for mental suffering caused by his or her sympathy for the other's suffering. Nor can a parent recover for mental distress and anxiety on account of physical injury sustained by a child or for anxiety for the safety of his child placed in peril by the negligence of another . . ."

As to plaintiff Robbie Minnis, the trial court instructed the jury as follows:

" . . . as to the plaintiff Robbie Minnis, you may take into consideration any amounts of money that she was required to expend in order to get her sister-in-law from Lebanon to Lilbourn, her proper destination, any amounts of money she expended in telephone calls and telegrams, any loss of time from her work which she was required to expend that time in trying to get the situation straightened out; any mental distress or anxiety which she suffered by reason of her sister-in-law having gone to the wrong destination and taking her small child with her, and in all you will award her such sum, if you find her entitled to recover damages, as will fairly and justly compensate her for whatever injuries she has sustained by reason of the transaction in evidence before you and which you find directly and naturally and proximately flowed from the negligence, if any, of the defendant, and in all not to exceed the total sum sued for by her, to-wit, $1,021.39."

To the extent that the instruction permitted recovery by plaintiff Robbie Minnis for mental distress or anxiety, it is error.

The verdict of the jury necessarily included a finding of negligence on the part of defendant. This being true, plaintiff Robbie Minnis is entitled to recover the amount of money she was required to expend in order to get Evelyn and Betty Lou from Lebanon to Lilbourn. This, according to the uncontradicted evidence, and as computed by the trial court, amounted to $15.54. The verdict was in her favor and fixed the amount of her recovery at $250 plus actual money she paid out. There is nothing in the verdict to indicate whether the jury allowed her anything for loss of time, but she testified that she lost three days from her work for which she usually received 45 cents per hour, or $5.20 per day, and her evidence as to loss of time is uncontradicted. Under the uncontradicted evidence Robbie is entitled to recover $31.14.

As to the plaintiff Evelyn Minnis, the trial court instructed that if the jury should find her entitled to recover, then the jury:

" . . . may take into consideration any mental distress or anxiety which she may have suffered by reason of being sent to the wrong destination or that she endured while there, and any loss of time from her work while getting from Lebanon to Lilbourn, all of which you find directly and naturally and proximately flowed from the negligence, if any, of the defendant. . ."

As pointed out, there is evidence tending to prove that Evelyn and Betty Lou were without money to buy food or shelter and that they were compelled to and did stay in the depot at Lebanon without food or a place to sleep for about 24 hours. Naturally, Evelyn must have suffered from hunger which could well produce mental anguish and anxiety, connected with and produced by physical suffering. Hunger is defined in The American College Dictionary as:

"n. 1. the painful sensation or state of exhaustion caused by need of food . . ."

Under the rule stated in St. Louis & San Francisco Ry. Co. v. Keiffer, supra, where there is some physical suffering or injury caused by the negligence of the defendant, damages for mental anguish and anxiety as a result of the physical suffering are allowed for the reason that such mental suffering is necessarily a part of the physical suffering and is inseparable therefrom,

In Barnes v. Western Union Telegraph Co., 27 Nev. 438, 76 P. 931, it is said:

"That damages may be recovered for the mental suffering occasioned and accompanied by physical injury or fatigue is very generally held by the authorities, and pain of mind directly resulting from exposure, cold, hunger, exertion, and deprivation of a place to sleep, to which the plaintiff was subjected as a natural result of defendant's negligence, would properly come withing this well-recognized rule . . ."

There was no error in submitting mental anguish and anxiety as an element of damages as to plaintiff Evelyn Minnis.

It is next contended that the court erred in refusing to give defendant's requested instruction No. 6. Assignment of error No. 5 is the only assignment of error which mentions defendant's requested instruction No. 6 and is as follows:

"The trial court erred in refusing to give to the jury instructions Nos. 1, 5 and 6 requested by the plaintiff in error, to which action of the court plaintiff in error at the time separately and severally saved his exceptions."

Requested instruction No. 1 is a request to instruct the jury to return a verdict for the defendant, and requested instruction No. 5 is:

"You are instructed that in any event defendant could be liable to plaintiffs only for the cost of the ticket purchased."

Clearly, there was no error in refusing requested instructions Nos. 1 and 5. The matter sought to be presented by defendant's requested instruction No. 6 was amply covered by the general instructions given by the court.

Finally, it is contended that the verdict is excessive. There is no merit in this contention as to plaintiff Evelyn Minnis. The judgment as to plaintiff Evelyn Minnis is affirmed, and the judgment as to Robbie Minnis is reversed unless within 20 days, or receipt of mandate, plaintiff Robbie Minnis files a remittitur of all the judgment in excess of $31.14. If such remittitur be filed within said time, the judgment will be affirmed in the sum of $31.14.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.

GIBSON, J., concurs in so far as the judgment in favor of Robbie Minnis is modified and affirmed, but dissents to the affirmance of the judgment in favor of Evelyn Minnis in so far as said judgment exceeds the sum of $6.