**Dominic I. OBIELI, Plaintiff-Appellee,**

v.

**CAMPBELL SOUP COMPANY, a Foreign Corporation, Defendant-Appellant.**

**No. 78–1478.**

United States Court of Appeals, Tenth Circuit.

Argued March 10, 1980.

Decided June 16, 1980.

David P. Reid of Ash, Crews & Reid, Okmulgee, Okl. (Jack D. Crews of Ash & Crews, Tulsa, Okl., with him on brief), for plaintiff-appellee.

John M. Keefer, Tulsa, Okl. (Bill V. Wilkinson and Louis W. Bullock, Tulsa, Okl., with him on brief) of Chapel, Wilkinson, Riggs, Abney & Keefer, for defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Dominic Obieli brought an action against Campbell Soup Company based on negligence, breach of implied warranty and manufacturer's product liability. His claim was that he suffered injuries as a result of consuming contaminated soup made and distributed by Campbell Soup. Specifically, Obieli claimed that on his lunch break he bought a can of Campbell's chicken noodle soup from a vending machine at his place of employment and thereafter proceeded to eat the soup out of the can with a plastic spoon. After he had eaten about three-fourths of the soup, Obieli claimed that he noticed a foreign object in the bottom of the can, described by him at trial as being a "bug with wings," which was also identified

as a cockroach. As a result of this incident, Obieli claimed that he suffered emotional distress, which engendered a stomach disorder requiring hospitalization, followed by venous thrombosis, pulmonary emboli, and esophageal hiatus hernia, with a second hospitalization, all with attendant pain, suffering and mental anguish. Obieli asked for money damages in a total amount of $133,-500. By answer, Campbell Soup denied liability.

Trial of this case was to a jury, and resulted in a verdict in favor of Obieli in the sum of $23,532.82. The trial court ordered a remittitur in the sum of $13,532.82 and entered judgment in favor of Obieli and against Campbell Soup in the sum of $10,000. Campbell Soup appeals. We affirm.

On appeal, Campbell Soup raises two grounds for reversal: (1) Oklahoma law does not allow recovery for physical injuries caused by only emotional distress; and (2) a new trial should have been granted because two of Obieli's witnesses based their testimony on erroneous assumptions.

Does Oklahoma law permit recovery for physical injury resulting from emotional distress caused by a defendant's negligent conduct? The trial judge held that it did, and we are disinclined to overturn his considered judgment as to Oklahoma law.

Campbell Soup relies on *Cushing Coca-Cola Bottling Company v. Francis*, 206 Okl. 553, 245 P.2d 84 (1952) and *St. Louis & S. F. Ry. Co. v. Keiffer*, 48 Okl. 434, 150 P. 1026 (1915). Both cases, in our view, are distinguishable from the present case. In *Keiffer* the plaintiff sued for his own mental anguish caused by the defendant railway's inability to timely transport the plaintiff's brother from Madill, Oklahoma, to Ardmore, Oklahoma. The defendant's railway coach was to be connected at Ardmore with Santa Fe Railway which would in turn transport the brother to Gainesville, Texas. There the plaintiff's brother was to undergo an operation that might have saved his life. As indicated, the defendant railway failed to make the connection with Santa Fe Railway at Ardmore, Oklahoma. The brother died, and the plaintiff sued for the mental anguish which he experienced as a result of the whole affair. Plaintiff did not himself suffer any physical injury as a result of the defendant's conduct. It was in this factual setting that the Oklahoma Supreme Court declared as follows:

Whether we personally agree with the rule or not, nevertheless it is the law of Oklahoma that no recovery can be had for mental suffering, which is not produced by, connected with, or the result of physical suffering or injury, to the person enduring the mental anguish. 150 P. at 1028.

*Cushing Coca-Cola Bottling Company v. Francis*, supra, purported to follow *Keiffer*. In *Francis*, the plaintiff drank a swallow of coke from a bottle in which a partially decomposed body of a mouse was found. In reversing a judgment in favor of Francis, the Oklahoma Supreme Court quoted with approval the language from *Keiffer* set forth above, and held that under the facts of that case there could be no recovery. A reading of *Francis* indicates quite clearly that the Oklahoma Supreme Court proceeded on the premise that the plaintiff suffered no physical injury whatsoever, only mental anguish. Although the opinion itself indicates that there possibly was some physical injury to the plaintiff, damages for such injury were not claimed. The Oklahoma Supreme Court ultimately observed that "[a] careful examination of the record reveals that plaintiff suffered no physical injury." 245 P.2d at 86.

So, in *Keiffer* and *Francis*, neither plaintiff suffered any physical injury, only mental anguish. In the instant case the plaintiff did indeed suffer some physical injury, although the extent thereof, and the precise cause thereof, are understandably in dispute. Neither *Keiffer* nor *Francis* requires a reversal of the present case.

Recognizing that *Keiffer* and *Francis* are not on all fours with the instant case, counsel suggest that those two cases also stand for the proposition that under Oklahoma law there can be no recovery for physical suffering and injury resulting from emotional stress even though the latter may have been the result of a defendant's negli-

gent conduct. As indicated, the trial court rejected this argument, and we are disinclined to disturb his ruling.

In *Belt v. St. Louis-San Francisco Ry. Co.*, 195 F.2d 241 (10th Cir. 1952), a negligence case also arising in Oklahoma, this Court held that the majority of courts, including Oklahoma, "compensate for bodily injuries produced by or resulting from mental disturbances, although unaccompanied by any physical impact or concussion." 195 F.2d at 243. In *Belt*, reference was made to the language from *Keiffer* set out above, and in connection therewith we said that, under the rule of *Keiffer*, Oklahoma law does not compensate for mental anguish "alone."

In *Kaufman v. Western Union Telegraph Company*, 224 F.2d 723 (5th Cir. 1955), the Fifth Circuit cited with approval our *Belt v. St. Louis-San Francisco Ry.*, supra. The Fifth Circuit went on to observe:

> For ourselves, we can see no more reason for denying recovery where physical injury follows mental anguish than in those cases ordinarily encountered where mental anguish follows physical injury. 224 F.2d at 731.

■ In sum, we are disinclined to disturb the trial court's ruling that Oklahoma law permits recovery for physical injuries resulting from mental distress negligently caused by a defendant. Such ruling would appear to be in line with the rationale of the cases above referred to, particularly our own *Belt* case. And if there be doubt or uncertainty as to Oklahoma law on the matter here involved, a degree of deference should be given to the resident federal district judge who is passing upon questions involving local state law. Indeed, we have said that a federal district judge's determination of unsettled state law should not be overturned on appeal unless it be clearly erroneous. *Binkley v. Manufacturers Life Insurance Co.*, 471 F.2d 889 (10th Cir. 1973); *Sta-Rite Industries, Inc. v. Johnson*, 453 F.2d 1192 (10th Cir. 1971), *cert. denied*, 406 U.S. 958, 92 S.Ct. 2062, 32 L.Ed.2d 344 (1972). The trial court has, in our best judgment, committed no error in its interpretation of Oklahoma law.

■ Campbell Soup's second ground for reversal is without real substance. It is argued that the testimony of Drs. Reed and Burge, two of plaintiff's witnesses, was in each instance based on an erroneous assumption. In the case of Dr. Reed, it is said that his testimony was based on the assumption that the plaintiff had consumed a part of the cockroach, which was admittedly not the case. As concerns Dr. Burge, it is said that his testimony was based on the assumption that the plaintiff had developed phlebitis during his first hospitalization, which again was not the case. Both of these witnesses were fully examined, both on direct and extended cross-examination, on all matters, including the ones above referred to. Whether either doctor was proceeding on an erroneous assumption is at most a debatable matter. In any event, the jury heard all of this, and we are not inclined to disturb its determination of the matter.

Judgment affirmed.