Jack A. RICHARDSON and Margaret A. Richardson, husband and wife, Appellants,

v.

J. C. PENNEY COMPANY, INC., a Delaware corporation, Appellee.

No. 56419.

Court of Appeals of Oklahoma, Division No. 2.

July 13, 1982.

Released for Publication by Order of the Court of Appeals Aug. 13, 1982.

George R. Hanks, Oklahoma City, John F. Bates, Oklahoma City, for appellants.

A. T. Elder, Jr., Stewart & Elder, Oklahoma City, for appellee.

BOYDSTON, Presiding Judge.

Plaintiffs Jack and Margaret Richardson, husband and wife, sued Defendant J. C. Penney Co., Inc., for negligent automobile brake repair and breach of warranty. Plaintiffs alleged they experienced a frightening, emotionally traumatizing plummet down a mountainous, winding road near Boulder Dam when their brakes failed. Plaintiffs were pulling a 24 foot travel

trailer and were barely able to control the descent by skillful use of the electric trailer brakes. No collision occurred.

Plaintiff Wife alleges no physical injury, but suffers from nervous tension especially when driving a car. Plaintiff Husband, however, claims he experienced a burning sensation in his stomach during the descent and, on returning home, was hospitalized with a bleeding ulcer that continues to plague him. He alleges no history of ulcer trouble prior to the incident.

Defendant demurred to the petition on grounds Oklahoma law does not allow recovery for physical injury resulting from mental distress negligently caused by a defendant. Trial court sustained the demurrer, held the petition unamendable, and dismissed the case. Plaintiffs appeal the dismissal.

Plaintiffs own a 1978 Cadillac automobile. In preparation for their vacation they went to Defendant's automobile service center in Oklahoma City to buy new tires. The mechanic there told Plaintiff Wife the brakes were in bad condition and needed repair.

Three days after Defendant repaired the brakes they failed. Plaintiff Wife then returned the car to Defendant's service center where it was repaired. Defendant assured her the repairs had been made and the car was safe for the June 15 family vacation departure date.

On June 18, near Boulder Dam, the brakes failed and resulted in the life threatening episode described above. Plaintiffs went on into Las Vegas, Nevada, where necessary brake fluid was added. While Plaintiffs were still in Las Vegas, the brakes failed completely again, and the car had to be stopped with the emergency brake. Plaintiffs went to Defendant's service center in Las Vegas. Defendant's personnel there informed Plaintiffs the prior brake work was defective. The brakes were finally properly repaired in Las Vegas, and Plaintiffs continued their vacation.

I

Analysis requires separate discussion of Plaintiff Husband's and Plaintiff Wife's actions, beginning with the latter.

■ The issue as to Plaintiff Wife is: does Oklahoma allow recovery for negligent infliction of mental distress in the absence of tangible physical injury? Oklahoma cases prohibit such recovery. Plaintiff Wife alleges she is "under nervous tension in the operation of said automobile" as a result of the brake failure experiences, but alleges no physical manifestations of this mental distress.

Modern psychology and medicine recognize the impact of unseen emotional or mental stresses on one's physical body. Although many jurisdictions are moving toward this holistic approach, the law in Oklahoma demands some measure of tangible physical manifestation of damage—a broken limb or even the pain of hunger would suffice.[1] The Oklahoma Supreme Court has repeatedly denied recovery for negligently inflicted mental distress alone. *Seidenbach's, Inc. v. Williams*, Okl., 361 P.2d 185 (1961);[2] *Cushing Coca-Cola Bottling Co. v. Francis*, 206 Okl. 553, 245 P.2d 84 (1952);[3]

---

1. In *Thompson v. Minnis*, 201 Okl. 154, 202 P.2d 981 (1949), the plaintiffs suffered hunger and lack of sleep for 24 hours as a result of a carrier's failure to deliver plaintiffs to their intended and contracted destination. The court allowed recovery, finding that suffering hunger could well produce mental anguish and anxiety connected with and produced by physical suffering, for the reason, that such mental suffering is necessarily a part of the physical suffering and is inseparable therefrom, citing *St. Louis & S. F. Ry. Co. v. Keiffer*, 48 Okl. 434, 150 P. 1026 (1915).

2. There plaintiff was denied recovery for mental anguish, humiliation, and embarrassment because defendant failed to deliver her wedding dress to the church on time. The court held: "[D]amages for mental anguish, embarrassment and humiliation, unaccompanied by, or connected with, physical injury or suffering, cannot be recovered on account of the negligent breach of a contract."

3. In that case, plaintiff developed a "phobia" against soft drinks after drinking from a beverage bottle containing the body of a mouse. The court, citing *Keiffer*, held that no recovery can be had for mental suffering which is not pro-

*Van Hoy v. Oklahoma Coca-Cola Bottling Co.*, 205 Okl. 135, 235 P.2d 948 (1951);[4] *Koons v. Shelburne Motor Co.*, 167 Okl. 634, 31 P.2d 573 (1934);[5] *St. Louis & S. F. Ry. Co. v. Keiffer*, 48 Okl. 434, 150 P. 1026 (1915).[6]

We therefore affirm trial court's dismissal as to Plaintiff Wife's alleged cause of action.

## II

Plaintiff Husband is in a different position. He had no history of stomach or nervous disorders before the brake failure. His petition alleges a "burning sensation" in his abdomen was caused by the life threatening descent from the top of Boulder Dam and has yet to subside. Five days after returning home from vacation, Plaintiff Husband was hospitalized suffering from pain, loss of appetite, and rectal bleeding—all indicative of and confirmed as symptoms of a bleeding ulcer. He alleges this condition is proximately caused by the negligent brake repair and failure of warranty. His cause of action is one for a manifested physical injury *resulting from* mental distress caused by Defendant's negligence and breach of warranty, not just for mental distress.

The issue as to Plaintiff Husband is thus: does Oklahoma law permit recovery for physical injury *caused by* negligent infliction of mental distress? We believe it does—and always has.[7]

The most recent case construing Oklahoma law, *Obieli v. Campbell Soup Co.*, 623 F.2d 668 (10th Cir. 1980), answers this question affirmatively. Obieli claimed negligence, breach of implied warranty, and manufacturer's product liability against Campbell for injuries suffered as a result of eating a can of cockroach contaminated chicken noodle soup. Specifically, Obieli claimed he suffered emotional distress that engendered a stomach disorder requiring two hospitalizations, pain, suffering, and mental anguish. The jury found for Obieli in the amount of $23,532.82.[8]

All cases previously cited, which appear to be *contra* with the exception of *Thompson v. Minnis*, are distinguishable from *Obieli* and Plaintiff Husband's case because the plaintiffs in the cited cases alleged no tangible, organic physical damage connected with their mental distress. The *Thompson* court allowed recovery for the pain of hunger and the attendant mental distress. We find Plaintiff Husband's bleeding ulcer to be even more tangible and recognizable as a compensable injury than hunger pangs and related anxiety. Whether Plaintiff Husband can sustain his burden of proving a causal relation between the ulcers, if in-

---

duced by, connected with, or the result of physical suffering or injury to the person enduring the mental anguish. The "phobia" about which plaintiff testified had no causal connection to a physical injury.

**4.** There the court held that a plaintiff who purchased a bottled soft drink allegedly containing a decomposed mouse and who gave it to a fellow employee who drank it cannot recover damages for mental anxiety and anguish caused when the fellow employee became violently ill. The court cited the *Keiffer* rule and added that compensable mental anguish must arise from an injury or wrong to the plaintiff personally. It cannot be based on sympathy for another's suffering.

**5.** In that case, plaintiff suffered shock, humiliation, and nervousness after being called a "thief" when a stolen motor was found in her car. Defendant was paid to replace her motor with a new one; allegedly he replaced it with a stolen one. The court denied recovery in the

absence of "physical or tangible injury with mental suffering."

**6.** There plaintiff suffered mental anguish as a result of watching his brother languish and die when the railroad failed to fulfill their contract with the plaintiff to make a special stop to take the dying brother to a hospital. The court denied recovery for mental suffering not connected with physical injury to the person enduring the mental anguish and for mental suffering not produced by, connected with, or the result of physical suffering or injury.

**7.** An excellent legal discussion of physical manifestations of mental pain is found in Justice Davison's specially concurring opinion in *Pacific Mut. Life Ins. Co. of Cal. v. Tetirick*, 185 Okl. 37, 89 P.2d 774, 776 (1938).

**8.** Remittitur was ordered, resulting in judgment for $10,000.

deed that is his condition, and Defendant's culpability is a matter of proof.

### III

When the trial court has sustained a demurrer to the petition we must consider as true all well pled allegations and reasonable inferences to be drawn therefrom in favor of a plaintiff and against a defendant. The petition must be liberally construed, and all its allegations of fact must be taken as true together with all reasonable inferences therefrom. If the facts alleged therein entitle a plaintiff to any relief, the demurrer should be overruled. *Henslee v. Herring*, Okl., 403 P.2d 511

(1965); *Bowman v. Oklahoma Natural Gas Co.*, Okl., 385 P.2d 440 (1963).

Consequently, we reverse the trial court's sustention of Defendant's demurrer and remand the case to trial court with direction that the petition be reinstated as it pertains to Plaintiff Husband and for further proceedings consistent with this opinion.

BACON and BRIGHTMIRE, JJ., concur.