**Ronald J.E. and Margaret McMEAKIN, Individually and as husband and wife, Appellants,**

v.

**ROOFING AND SHEET METAL SUPPLY COMPANY OF TULSA, and Lee Shelton, Individually and d/b/a Lee Shelton Roofing, Appellees.**

**No. 72580.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 13, 1990.

Rehearing Denied Jan. 4, 1991.

Certiorari Denied March 19, 1991.

Joseph H. Paulk, Marylinn G. Moles, Tulsa, for appellants.

A. Mark Smiling, M. Cristina Romero, Emily J. Crawford, Tulsa, for appellee Roofing and Sheet Metal Supply Co. of Tulsa.

Curtis W. Fisher, M.D. Bedingfield, Tulsa, for appellee Lee Shelton, Individually and d/b/a Lee Shelton Roofing.

## OPINION

GARRETT, Presiding Judge.

Ronald J.E. McMeakin (Appellant or Ronald) and Margaret McMeakin (Appellant or Margaret) brought this action against Roofing and Sheet Metal Supply Company of Tulsa (Appellee or Roofing) and Lee Shelton, individually and d/b/a Lee Shelton Roofing (Appellee or Shelton) for negligence and breach of contract. Appellants contracted with Shelton to roof their home.

Shelton hired Roofing to do this work. On the first day of the work, Roofing stacked approximately 12,000 pounds of red brick tiles on the roof. The roof collapsed, pushed the walls of the home outward, and caused the home to be completely destroyed. Although Appellants were not inside the home when it collapsed, they were on the premises and witnessed the damage while it occurred.

In addition to their breach of contract claim, Appellants alleged they suffered damages in the nature of monetary loss, physical injury, pain and suffering, emotional distress, and loss of enjoyment of their home. They also sued Shelton for negligent supervision and hiring of Roofing. Margaret subsequently dismissed her claim against Roofing without prejudice.

Appellees filed motions for summary judgment which were sustained. In the statement of material uncontroverted facts, Appellee Roofing stated that Ronald testified in his deposition that one month after the damage occurred to their house, he suffered a heart attack which required open-heart, four-valve bypass surgery. Ronald contends his doctor told him he was stressed out and that the heart attack was brought on by stress, strain, worry and upset. In his response to Roofing's motion for summary judgment, Ronald attached an affidavit from his physician, a cardiology specialist, which contained the following opinion:

3. It is my opinion within a reasonable degree of medical certainty that the heart attack and subsequent necessary bypass surgery to Ronald McMeakin was precipitated by the stress, strain, nervousness, and emotional distress he suffered as a result of the damage and ultimate total collapse of the roof of his home which occurred on the 8th day of May, 1987.

The trial court entered a signed minute order and later a Journal Entry of judgment sustaining the motions for summary judgment and entering judgment for Appellees on Appellants claims.

In the minute order, the trial court held:

With respect to Mr. McMeakin, his claim is based on mental disturbance and its consequences caused by distress at witnessing harm to his *property* and not by fear for his own safety. California, which has kicked over the zone of danger rule, has allowed a bystander to recover for distress at witnessing harm to another *person,* but the bystander must be closely related to the victim ("relational proximity"). No jurisdiction would allow recovery under these facts.... (Emphasis in original).

In this appeal, Ronald contends: (1) under the law and the facts of this case, he has a cause of action for the negligent infliction of emotional distress; (2) based on the facts and Oklahoma law, the trial court erroneously granted the motion for summary judgment; and, (3) the trial court erred in failing to address the breach of contract cause of action alleged against Shelton in the ruling in Shelton's favor.

The dispositive issue in this case is whether Appellants may recover for Ronald's heart attack, which he contends was the result of mental distress caused by Roofing's negligent act, i.e., placing the roofing tiles on the roof which then collapsed.

■ In Oklahoma, recovery has been allowed for mental distress connected to some manifestation of physical suffering to the plaintiff himself. See *St. Louis S.F. Ry. Co. v. Keiffer,* 48 Okl. 434, 150 P. 1026 (1915); *Richardson v. J.C. Penney Company, Inc.,* 649 P.2d 565 (Okl.App.1982). The Supreme Court held in *Ellington v. Coca Cola Bottling Company of Tulsa,* 717 P.2d 109 (Okl.1986), that to be "connected", it is unimportant whether the mental anguish precedes or follows the physical injury. "Upon proper proof, the plaintiff may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering." *Ellington,* 717 P.2d at 111. Recovery does not depend upon physical impact or the nature of the tortious conduct, but on the nature of the results. *Ellington,* supra, at page 111, citing *Obieli v. Campbell Soup Company,*

623 F.2d 668 (10th Cir.1980) and *Belt v. St. Louis–San Francisco Ry. Co.,* 195 F.2d 241 (10th Cir.1952). Neither party has cited an Oklahoma decision, and we are not aware of any, which has allowed recovery of emotional distress injuries in a negligent injury to property case. We hold that no cause of action may be had for negligent infliction of emotional distress due to property damage.

■ In any case of negligence, a plaintiff must prove the defendant had a duty to protect the plaintiff from injury, a breach of that duty and an injury resulting from the breach. *Sloan v. Owen,* 579 P.2d 812 (Okl.1977); *Nicholson v. Tacker,* 512 P.2d 156 (Okl.1973). The injury which the plaintiff receives must have been foreseeable to the defendant. *Trett v. Oklahoma Gas & Electric Co.,* 775 P.2d 275 (Okl.1989). Ordinarily, the question of proximate cause is an issue of fact for the jury. *Atherton v. Devine,* 602 P.2d 634 (Okl.1979). However, it becomes a question of law when there is no evidence from which a jury could reasonably find a causal nexus between the negligent act and the injury. *Thompson v. Presbyterian Hospital, Inc.,* 652 P.2d 260 (Okl.1982). Summary judgment may properly be granted in a case where the events are so unusual and extraordinary that they are not foreseeable under the law. *Minor v. Zidell Trust,* 618 P.2d 392 (Okl.1980). "Proximate cause" and "foreseeability" are different issues. Both must exist before recovery may be allowed.

■ We hold the trial court properly sustained the motions for summary judgment in favor of Appellees. The facts of this case show that Ronald was not injured physically at the time his home was destroyed; and, he could not reasonably have been in fear of personal physical injury to himself. Understandably, such an event could cause emotional distress. The key to Ronald's recovery in this case, however, is whether his subsequent heart attack, one month after the event, was "connected" to this emotional distress, and, whether the heart attack was a foreseeable result. Despite the physician's affidavit, the trial court properly ruled in favor of Appellees.

Whether Oklahoma would follow the "zone of danger" or the "bystander" rules noted in the trial court's minute and argued by the parties, is not decisive in this case. Foreseeability is absent. The judgment of the trial court on the negligence claim is affirmed.

Appellants contend the trial court erroneously failed to rule on their contract claim against Shelton. Shelton responds that no issue remains on this claim because Appellants stated they were made whole when their house was rebuilt. The ruling by the trial court does not expressly mention the contract claim. It was not mentioned in the motions for summary judgment. We do not consider the negligence and the contract claims so interrelated that judgment as to one is a judgment as to the other. See *Eason Oil Company v. Howard Engineering*, 755 P.2d 669 (Okl.1988). We agree with Appellant that the contract claim should have been adjudicated. This case must be reversed and remanded to the trial court for further proceedings and determination of the contract claim.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

HUNTER, V.C.J., concurs.

HANSEN, J., concurs in part and dissents in part with separate opinion.

HANSEN, Judge, concurring in part and dissenting in part:

I concur in that part of the majority opinion reversing and remanding the contract claim to the trial court, but do not join in affirming summary judgment as to Mr. McMeakin's negligence claim. I would additionally reverse and remand the negligence claim for consideration by the jury.

As reflected in the majority opinion, the trial court granted summary judgment based upon the conclusion that Mr. McMeakin could not recover, as a matter of law, for "mental disturbance" caused by distress at witnessing harm to his *property*, rather than another *person*. (emphasis is trial court's) The majority determined the trial court's rationale not to be decisive, but

found foreseeability was absent, and affirmed summary judgment as to the negligence claim on that basis. I agree with neither the trial court's finding, nor the majority's.

Whether one can recover for personal injuries resulting from emotional distress/mental anguish, caused by witnessing harm to that person's property, has not been directly decided in Oklahoma. Upon proper proof, recovery should be allowed.

Appellants contend a majority of states allow recovery to a person who suffers emotional distress due to destruction of his real property. While I do not find that contention to be well established, it is clear a number of states do allow recovery. I feel that position is more enlightened. Louisiana appears to be the leader of those recognizing such right, e.g. *Elston v. Valley Electric Membership Corp.*, 381 So.2d 554 (La.App.1980) (damage to home from power surge caused by negligently placed transformer); *Emond v. Tyler Bldg. and Constr. Co.* 438 So.2d 681 (La.App.1983) (extensive damage to home resulted when foundation failed) and *Bode v. Pan American World Airways, Inc.*, 786 F.2d 669 (5th Cir.1986) (homeowners witnessed plane crash and destruction of home in ensuing fire). Also recognizing a separate right of recovery for mental anguish are *Edwards v. Talent Irrigation District*, 280 Or. 307, 570 P.2d 1169 (1977) (property damaged by water from irrigation system); *French v. Ralph E. Moore, Inc.*, 203 Mont. 327, 661 P.2d 844 (1983) (home made uninhabitable by leaking gasoline from negligently installed tanks) and *Weld County Bd. of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986) (damage to land by water overflowing from gravel pits). In the latter cited case, at p. 1318, the Colorado Supreme Court, while noting a requirement for reasonable and competent evidence, stated the better approach:

.. the goal remains the compensation of the injured landowner for any and all losses that result from the conduct for which the defendant is liable, including ... physical illness.

Oklahoma has clearly broadened the circumstances under which one may recover for mental anguish. More specifically, in *Ellington v. Coca Cola Bottling Co. of Tulsa,* 717 P.2d 109 (Okla.1986), which was cited by all parties and the majority, the Supreme Court expressly recognized the right of recovery where mental anguish inflicts physical suffering, as well as where physical suffering causes mental anguish. In support of its holding in *Ellington,* the Supreme Court, at p. 111, discussed *Belt v. St. Louis–San Francisco Ry. Co.,* 195 F.2d 241 (10th Cir.1952), which found that a majority of courts compensated for bodily injuries produced by mental disturbances, without physical impact, and in such cases the right to recover is dependent upon the "nature of the results rather than the nature of the tortious conduct".

The trial court's finding that no jurisdiction would allow recovery where mental distress results from witnessing destruction of property is erroneous. Under the proper proof, recovery should be allowed.

I do concur with the majority that the keys to Mr. McMeakin's recovery are proximate cause and foreseeability. That is, was his heart attack the proximate result of Appellees' negligence, and was the heart attack a foreseeable consequence of Appellees' conduct? Ordinarily, both proximate cause and foreseeability are questions of fact for the jury. *Atherton v. Devine,* 602 P.2d 634, 637 (Okla.1979). Only in rare circumstances should these questions be removed from consideration by a jury.

The majority apparently relies upon an exception to that rule where the events are so "unusual and extraordinary ... as to merit recognition as unforeseeable in law". *Minor v. Zidell Trust,* 618 P.2d 392 (Okla. 1980). I do not find the facts in this case so exceptional as to justify that result.

The special status of a homeowner has long been recognized under the law, and distinguished from other forms of property ownership. There is expert medical evidence that Mr. McMeakin's heart attack resulted from stress precipitated by witnessing destruction of his home, and further evidence that the consequential rebuilding process caused additional stress and strain. I will not hold, as a matter of law, that the facts here are so unusual and extraordinary as to make the result unforeseeable, nor can I say "only one reasonable conclusion can be drawn from the facts". *Atherton v. Devine,* 602 P.2d at 637.

Material facts are in controversy. The trial court's grant of summary judgment on the negligence claim is error.