841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beverly J. BAIRD and Jerry Baird, Plaintiffs-Appellants,
v.
Charles J. BOHLE, M.D. and Gynecology Associates, P.S.C.,
Defendants-Appellees.
 No. 87-5099.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before ENGEL, MERRITT and CORNELIA G. KENNEDY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, Beverly and Jerry Baird, appeal from the judgment for defendants entered on the jury verdict in this medical malpractice action. The Bairds essentially claim that the United States District Court for the Western District of Kentucky made two reversible errors. First, they argue that the trial court abused its discretion in admitting expert testimony from three doctors who testified that defendant Dr. Bohle was not negligent. Second, they argue that the District Court should have granted plaintiffs' request for a directed verdict on the issues of negligence or malpractice and informed consent. After careful review of the record, we find no error, and AFFIRM.
 
 
 2
 This case arose after Beverly Baird was injured during an operation to remove her ovaries. During the operation, the defendant inadvertently cut her ureter which was partially encased in scar tissue. The primary issue at trial was whether the doctor was negligent by not identifying and protecting the ureter from harm. During trial, both plaintiffs and defendants introduced expert witnesses to testify as to the appropriate standard of care in these operations, and as to whether Dr. Bohle acted negligently. After the District Court denied plaintiffs' motion for a directed verdict, the case was submitted to the jury, which found in favor of the defendant on all counts.
 
 
 3
 Plaintiffs first claim that the District Court improperly admitted testimony from two of defendants' medical experts who concluded that Dr. Bohle was not negligent. Plaintiffs allege that it was error to allow these experts to testify that the doctor was not negligent because the witnesses did not have enough information on which to base such an opinion. Plaintiffs argue that every physician who testified whether for plaintiffs or defendants agreed that it was Dr. Bohle's duty to identify and avoid injury to her ureters. Therefore, since Dr. Bohle himself could not state any specific measure that he employed during the surgery to identify and avoid injury to her right ureter, plaintiffs claim that it would be impossible for the experts who were not there, to conclude that defendant acted responsibly.
 
 
 4
 Plaintiffs' argument misconceives the requirements of Rule 703 of the Federal Rules of Evidence, which states:
 
 
 5
 The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.
 
 
 6
 Fed.R.Evid. 703.
 
 
 7
 In this case, the experts who testified on defendants' behalf based their opinions on plaintiffs' medical records from the surgery, their own experience in this type of surgery, the potential danger of this type of complication arising under similar conditions, and the pre-trial summaries of the case prepared by defense counsel. The experts concluded that, based upon the information before them, they could find no negligence on the part of Dr. Bohle because the ureter was encased by scar tissue, and thus very difficult, if not impossible to locate and protect.
 
 
 8
 Plaintiff claims that this information was not enough for an expert to base an opinion of no negligence. Yet, plaintiffs' own experts relied on nearly identical information for their opinions that Dr. Bohle did negligently perform the operation. Since plaintiffs present no evidence that this type of information is not normally relied upon in these cases, and because their own experts relied on the same records and similar case summaries, we must conclude that this information meets the requirements of Rule 703 that it be "of a type reasonably relied on by experts in the particular field." Id.
 
 
 9
 While we agree that defendants' experts may not have had enough information to be absolutely certain of their conclusions, we see any alleged weaknesses in their testimony as going to the weight of their testimony and not its admissibility. As the Tenth Circuit said in a similar case where appellants challenged the admission of expert testimony, "these witnesses were fully examined, both on direct and extended cross-examination, on all matters.... Whether either doctor was proceeding on an erroneous assumption is at most a debatable matter. In any event, the jury heard all of this, and we are not inclined to disturb its determination of the matter. Obieli v. Campbell Soup Co., 623 F.2d 668, 670 (10th Cir.1980).
 
 
 10
 Plaintiffs also allege that the District Court erred by not granting their motion for a directed verdict on either the negligence, or the informed consent issues. We find no merit in these claims. Motions for directed verdicts will be granted "[o]nly when it is clear that reasonable men could but come to one conclusion from the evidence ... [viewed] in a light most favorable to the party against whom it is made." Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 579 (6th Cir.1979). On the negligence issue, there is substantial evidence that the ureter was encased in scar tissue, and that Dr. Bohle was not negligent when he inadvertently cut it. The fact that three experts testified that they found no negligence in the procedures used in the operation creates a question for the jury, no matter what plaintiffs' experts concluded.
 
 
 11
 The same can be said for plaintiffs' argument that Dr. Bohle was negligent as a matter of law because he failed to inform Mrs. Baird that her ureter may be damaged during the surgery. The testimony of all of the experts makes clear that standard medical procedure did not require Dr. Bohle to warn her about possible damage to the ureter because the likelihood of such damage was so small.
 
 
 12
 For these reasons, we AFFIRM the judgment below.