VAN HOY v. OKLAHOMA COCA-COLA BOTTLING CO.

No. 34253. Sept. 25, 1951.

*235 P. 2d 948.*

136

Kathryn Van Leuven, Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, for defendant in error.

JOHNSON, J. The parties herein occupy the same position as in the trial court and hereafter they will be referred to as they there appeared.

This action was commenced in the district court of Oklahoma county, Oklahoma, by petition and amended petition of plaintiff which alleged in substance that he purchased several bottles of Coca-Cola and distributed the same to his fellow employees; that one of the bottles contained a foreign substance believed to be a dead and decaying mouse which was negligently processed or bottled by the defendant; that the bottle that contained the decomposed foreign substance was given by plaintiff to Jody Windle, who drank therefrom and was made violently ill, being seized immediately with great bodily pain, nausea and other physical symptoms of so severe a nature as to frighten and shock plaintiff and to cause him to suffer great mental and physical shock evidenced by nausea and stomach ache, as well as fright, humiliation and embarrassment because he had caused his coworker to drink from the bottle containing the said foreign decomposed substance by serving her and others said beverage; that by reason of his anxiety over the resultant condition of the victim of said negligence he lost time from his work and was compelled to stay near and watch for other and additional developments in her condition; that to this date she is still losing weight and suffering from this experience to his extreme distress and to his damage in the sum of $15,000.

The defendant's demurrer to plaintiff's petition was sustained and plaintiff elected to stand thereon and appealed.

Plaintiff contends that it was error to sustain the defendant's demurrer because of the rule of res ipsa loquiter; that the implied warranty of the defendant that its beverage was fit for human consumption has been violated enabling plaintiff to sustain his claim for personal damages caused from his mental and emotional disturbances. This contention is without merit.

In Thompson v. Minnis, 201 Okla. 154, 202 P. 2d 981, it was held that recovery may not be had for mental anxiety and anguish which is not produced by, connected with, or the result of some physical suffering or injury to the person enduring the mental anguish, and, in the opinion, we said:

"In 52 Am. Jur. 388, it is said that the general rule is that the right to maintain an action may not be predicated upon a mental or emotional disturbance alone. This court is committed to the latter rule. In St. Louis & San Francisco Ry. Co. v. Keiffer, 48 Okla. 434, 150 P. 1026, it was held:

" 'No recovery can be had for mental pain and anguish which is not produced by, connected with, or the result of, some physical suffering or injury, to the person enduring the mental anguish. Damages for pain suffered mentally, as the result of a physical injury, are allowed, for the reason that such mental suffering is necessarily a part of the physical suffering and injury, and is inseparable therefrom.' ".

The demurrer admits the mental anguish and emotional disturbances of plaintiff, but in the Minnis Case, supra, it is stated:

"The general rule, stated in 15 Am. Jur. 597, 598, is as follows:

" 'In law mental anguish is restricted, as a rule, to such mental pain or

suffering as arises from an injury or wrong to the person himself, as distinguished from that form of mental suffering which is the accompaniment of sympathy or sorrow for another's suffering or which arises from a contemplation of wrongs committed on the person of another. Pursuant to the rule stated, a husband or wife cannot recover for mental suffering caused by his or her sympathy for the other's suffering. Nor can a parent recover for mental distress and anxiety on account of physical injury sustained by a child or for anxiety for the safety of his child placed in peril by the negligence of another. . . .' "

The petition, as amended, did not state a cause of action and the action of the court sustaining the demurrer was proper.

Affirmed.

CORN, GIBSON, DAVISON, O'-NEAL, and BINGAMAN, JJ., concur.