Daisy ELLINGTON, Appellant,

v.

COCA COLA BOTTLING COMPANY
OF TULSA, INC., an Oklahoma
Corporation, Appellee.

No. 58217.

Supreme Court of Oklahoma.

April 1, 1986.

Steven R. Hickman, Frasier, Frasier & Gullekson, Tulsa, for appellant.

Richard D. Gibbon, Brad Smith, Gibbon, Gladd, Taylor, Smith & Hickman, Tulsa, for appellee.

HARGRAVE, Justice.

Daisy Ellington purchased a bottle of Coca-Cola from a vending machine and ingested a portion thereof at her hairdresser's shop on August 19, 1977. After her beautician completed her hair, Daisy replaced her glasses and started to finish the drink. In so doing she noticed what she perceived to be a worm, and proceeded to become physically ill. Plaintiff remained in this state until she reached her doctor and obtained a prescription and an injection. The illness persisted resulting in dehydration which triggered a kidney infection and other physical irregularities such as diarrhea, fever and nausea. The symptoms subsided after the passage of a month.

Plaintiff brought this action against the Coca-Cola Bottling Company of Tulsa, Inc. to recover damages she sustained as a result of the worm in the bottle. Plaintiff alleged the foreign substance was a defect in the product and was defective when it left defendant's control. The injuries suf-

fered were stated to be the result of defendant's failure to supervise its agents and servants and as a result of failure to maintain adequate quality control devices to prevent such occurrences.

The day set for trial of this cause, defendant sought an oral motion for summary judgment to which plaintiff did not object, based upon the depositions on file and the undisputed facts. One of these facts is the foreign substance was not toxic but in fact was identified as a piece of a "Good-n-Plenty" candy bar, consisting primarily of sugar. Further, plaintiff's vomiting and illness was due to a psychological reaction. The trial court ruled that the cause was governed by the ruling of the case of *Cushing Coca-Cola Bottling Co. v. Francis*, 206 Okl. 553, 245 P.2d 84 (1952), citing the following language: "No recovery can be had for mental pain and anguish, which is not produced by, connected with, or the result of some physical suffering or injury, to the person enduring the mental anguish." The trial court was of the opinion that this language required him to rule for the defendant, and sustained the defendant's motion for summary judgment.

An early Oklahoma case, *Western Union Telegraph Co. v. Choteau*, 28 Okl. 664, 115 P. 879 (1911), is relied upon in *St. Louis S.F. Ry. Co. v. Keifler*, 48 Okl. 434, 150 P. 1026 (1915). In *Choteau* the history of the "mental anguish" doctrine in telegraph cases, as outlined, begins with an 1881 case from Texas, and, by 1911, the *Choteau* case notes nine jurisdictions allowing substantial damages occasioned by negligence in the delivery of a telegram. The opinion is interesting and well-written, containing several excellent passages on the philosophy of the judiciary's position in a tripartite democratic system. That case held no recovery could be had for substantial damages occasioned by negligence, where such negligence results solely in mental distress.

The teachings of *Choteau* were applied next in *St. Louis & S.F. Ry. Co. v. Keifler, supra.* The rule under which the plaintiff was denied recovery was succintly stated:

"... [I]t is the law of Oklahoma that no recovery can be had for mental suffering which is not produced by, connected with or the result of physical suffering or injury to the person enduring the mental anguish."

Recovery was denied in *Keiffler, supra.* The facts examined there show that plaintiff was seeking recovery for mental distress occasioned by the delay of a special train which was hired to take plaintiff's brother to medical assistance. Because of the delay, the brother expired. The damage alleged resulted from deterioration of the brother's condition, thus the physical harm involved a third party—a stranger to the action. *Nail v. McCullough & Lee*, 88 Okl. 243, 212 P. 981 (1923), presents a similar situation in that the emotional harm stands alone, and is caused by the negligent treatment of a deceased not party to the action.

In *Thompson v. Minnis*, 201 Okl. 154, 202 P.2d 981 (1949), this court disallowed one plaintiff's recovery where she had alleged mental distress caused by her concern for her daughter who was negligently given a train ticket to the wrong destination stating "In law mental anguish is restricted as a rule to such mental pain or suffering arising from an injury or wrong to the person himself," as distinguished from mental suffering arising from another's suffering or wrongs committed against another person. The case held otherwise for the remaining plaintiff. She was the party sent to the wrong destination; the evidence tended to prove she was without money to purchase food or shelter and thus spent twenty-four hours in the depot, suffering from hunger which could have produced mental anxiety. This court said that under *Keiffler, supra,* where there is some physical suffering or injury caused by defendant's negligence, damages for mental anguish as a result of the physical suffering are allowed for the reason that such mental suffering is necessarily a part of the physical suffering and is inseparable therefrom. *Van Hoy v. Oklahoma Coca-Cola Bottling Co.*, 205 Okl. 135, 235 P.2d 948 (1951), represents another instance

where recovery was denied plaintiff because his anguish was the result of a vicarious experience—witnessing the trepidation of a third party upon watching him drink a contaminated beverage which plaintiff had purchased.

 The language in *Keiffler, supra,* stating that no recovery may be had for mental suffering which is not produced by, connected with or the result of physical suffering or injury to the person enduring the mental anguish is repeated in many Oklahoma cases. None of these cases deny recovery to persons suffering mental anguish which causes physical harm to the person enduring the mental suffering, where the negligence or breach of duty acted upon the plaintiff. This is in accord with the rule of *Keiffler, supra,* which implies (in a negative statement) that recovery may be had for mental suffering where it is connected with physical suffering. The first (and thus oldest) sense listed for the word "connected" found in Webster's Third New International Dictionary (1966) p. 480, is: "Joined or linked together <a connected series>". A similar definition is found in Black's Law Dictionary, 4th Edition. Reading the rule and assigning the ordinary and usual meaning to the words used therein, the rule requires a connection only and does not require the physical injury to precede the mental anguish. Here, as is necessary, the direct causal connection between the two is established by the expert testimony of Dr. Brown at the trial on the merits. Upon proper proof, the plaintiff may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering. Thus, here the fact that plaintiff's physical injury was induced by the emotional shock of finding the foreign substance in her drink is not fatal to her recovery—the mental pain and anguish was connected with physical suffering and injury as required in the jurisdiction since *Keiffler, supra.* This result is illustrated by *Belt v. St. Louis-San Francisco Ry. Co.,* 195 F.2d 241 (10th Cir.1952): "... [T]he majority of the courts compensate for bodily injuries produced by or resulting from mental disturbances, although unaccompanied by any physical impact or concession. In such a case, the right to recourse is dependent on the nature of the results other than the nature of the tortious conduct." (citations omitted) Accord, *Obieli v. Campbell Soup Co.,* 623 F.2d 668 (10th Cir.1980).

The summary judgment granted the defendant is reversed and the cause is remanded for further proceedings.

COURT OF APPEALS OPINION VACATED. REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

SIMMS, C.J., DOOLIN, V.C.J., and LAVENDER, WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in result.

HODGES and SUMMERS, JJ., dissent.