Horace SLATON and Jane Slaton, as Administrators of the Estate of Barbara Gayle Freeman; and for themselves; and as Adoptive Parents and Next Friends of Arthea Gayle Freeman, now Slaton, and Beulah LaRinda Freeman, now Slaton, Minors, Plaintiffs,

v.

Mickey Jay VANSICKLE, Cross-petitioner/Appellant,

v.

MARLIN FIREARMS COMPANY, a corporation, Defendant/Appellee.

No. 75063.

Supreme Court of Oklahoma.

April 19, 1994.

**930**

Ronald D. Cox, Vester Songer, Hugo, for cross-petitioner/appellant.

Michael G. Smith, Smith, Shew & Scrivner, P.C., Ada, for defendant/appellee.

LAVENDER, Vice Chief Justice.

The question presented is whether summary judgment was properly granted by the trial court in dismissing the claims of the Cross-petitioner/Appellant for manufacturer liability and breach of warranty. We answer in the affirmative.

## FACTS and PROCEDURAL HISTORY

Cross-petitioner/Appellant, Mickey Jay Vansickle (Vansickle) was standing beside his parked pickup truck when he returned his loaded rifle to the truck after showing it to an acquaintance in a public area. The rifle discharged, after it had been placed inside the truck, hitting and killing plaintiff's daughter who was standing beside another parked vehicle in the area. Vansickle left in his truck not knowing of the death until he was contacted a few hours later.

Vansickle and Defendant/Appellee, Marlin Firearms Company (Marlin) were sued by Plaintiffs for the wrongful death of their daughter. Vansickle brought a cross claim against Marlin based on breach of warranty and strict manufacturer liability. The two defendants settled with Plaintiff and that portion of the action was dismissed; only the cross claim remained.

Vansickle alleged in his petition, defective design and manufacture of the rifle and breach of warranty. Vansickle stated he had been injured in his business, had suffered great pain of body and mind, emotional and mental distress, and incurred expenses and damages. Marlin moved for summary judgment arguing that Vansickle was claiming negligent infliction of emotional distress as a bystander which Oklahoma does not recognize as a theory of liability, thereby negating Vansickle's legal claim. Marlin assumed for purposes of its summary judgment motion that the rifle was defective and that Vansickle's emotional distress was manifested in an actual physical injury. Marlin stated the assumptions were only for purpose of argument and it did in fact contest them.

Vansickle filed a response opposing summary judgment arguing that he was not basing his injuries on a bystander theory, but he was basing them on the fact that he was a *participant* in this case. Vansickle offered no Oklahoma law in his brief to support his legal claim. Rather, he cited a Kansas case where the court imposed a higher standard of care for firearms manufacturers as well as, law on summary judgment motions to show that such motions are not favored in Oklahoma. After hearing argument by the parties' attorneys, the trial court sustained Marlin's motion for summary judgment.

The court of appeals reversed the trial court. They determined that manufacturers were indeed held to a higher standard of care [1] and further found Vansickle's *participant* theory persuasive. No case law was cited by the court to support its ruling.

After a review of the record, we find the trial court was correct in sustaining Marlin's motion for summary judgement in that there were no disputed facts to overcome Marlin's motion, nor did Vansickle have a recognizable cause of action under Oklahoma law. The court of appeal's decision is vacated and the trial court is affirmed.

---

1. *Johnson v. Colt Industries Operating Corp.*, 797 F.2d 1530 (10th Cir.1986), is authority for the heightened standard of care owed by manufacturers of firearms. However, *Johnson* is not binding on this court as Marlin, correctly notes in its petition for certiorari. Even though Marlin did not in its petition for rehearing argue against the imposition of such duty, in fact, agreed that such a duty was owed, this court has not recognized such a duty. Moreover, whether Oklahoma law recognizes a higher duty of care for manufacturers of firearms is irrelevant to the facts of this case, therefore, we need not respond to that issue.

## ANALYSIS

■ In his motion for summary judgment, Marlin claimed there were no disputed facts and/or stipulated to such facts as might be in dispute maintaining that under the bystander theory these disputed facts were irrelevant. We agree with Marlin's analysis. Moreover, under the law of Oklahoma, we note that Vansickle had no cause of action in that under any theory he must have shown a personal injury directly resulting from the gun's discharge. This he cannot do for the reasoning offered herein.

■ As stated, Vansickle filed his claim under theories of breach of warranty and manufacturer liability. Vansickle however, had no personal injury based on either of these theories. His injury came about only *after* learning the gun's accidental discharge had caused a death, not, because *he was injured* from the discharge. Vansickle is in truth, arguing nothing different than negligent infliction of emotional distress under some type of *bystander* theory.

The *bystander* theory is best exemplified by *Dillon v. Legg*,[2] wherein a mother sued for damages for emotional shock and physical injury after witnessing the death of her young child caused by defendant's negligent operation of a motor vehicle. The court first stated the general rule that plaintiff would not recover unless the emotional distress, fright or shock was the result *of fear for his own safety*. Ultimately, the mother was allowed to recover although, the court did set forth certain elements to be met in order for a plaintiff to recover.

The *Dillon* court required a plaintiff to prove, in addition to the foreseeability to a defendant, three elements; physical closeness to the scene of the accident; emotional distress resulting from the contemporaneous observation of the accident as opposed to learning of the accident later; and a close relationship between the plaintiff and the victim.

Oklahoma has not adopted *Dillon*. In *Van Hoy v. Oklahoma Coca–Cola Bottling Co.*,[3] this court reiterated a rule long recognized in Oklahoma that recovery for mental anguish is restricted to such mental pain or suffering *as arises from an injury or wrong to the person rather than from another's suffering or wrongs committed against another person.*

While Vansickle attempts to confuse the issue by arguing he is a *participant* rather than *bystander*, the distinction has *no legal significance.* Nor does Vansickle or the opinion of the court of appeals cite any legal basis for so holding. Vansickle's reply to the motion for summary judgment asserts that he suffered an injury *after being told his actions contributed to the death of a young woman.* While we sympathize with Vansickle's position, the point is, he would have no injury *but for* the death of the young woman. Vansickle, regardless of what he claims, is in truth arguing nothing other than for this court to recognize an expansion of the bystander theory. Vansickle, for obvious reasons does not argue bystander theory since, it would afford him no relief in that he could not meet the test articulated under *Dillon* even were this court to adopt it and we decline to do so.

■ Oklahoma does acknowledge a claim for physical injury where it is accompanied by mental stress[4] or mental stress is accompanied by physical injury.[5] In those cases, the negligent act created *a breach of duty as to the party.* This is not what Vansickle is arguing. It is *not* the gun discharging that created his injury, but rather the result, i.e., the death of plaintiff's daughter, that has caused his alleged mental and/or physical injury.

Vansickle contends that his claim for other damages should not have been dismissed under the summary judgment motion in that the motion only dealt with claims for emotional distress. As we have pointed out,

---

**2.** 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968).

**3.** 205 Okla. 135, 136, 235 P.2d 948, 949 (1951).

**4.** *Thompson v. Minnis*, 201 Okla. 154, 159, 202 P.2d 981, 985 (1949).

**5.** *Ellington v. Coca Cola Bottling Co. of Tulsa*, 717 P.2d 109, 111 (Okla.1986).

however, what damages if any Vansickle could have proven, he still cannot show his injury resulted from a wrong *to him* which was essential in order to recover his damages under either of these theories as well. Rather, his injury resulted from the wrong done to another.

## CONCLUSION

For the reasons stated herein the judgment of the trial court is REINSTATED and AFFIRMED. The judgment of the court of appeals is VACATED.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

OPALA, J., concurs in judgment.

ALMA WILSON and KAUGER, JJ., concur in part; dissent in part.