Mary D. BRADY, Appellant,

v.

CRISWELL FUNERAL HOME, INC., an
Oklahoma Corporation, Appellee.

No. 86341.

Court of Appeals of Oklahoma,
Division 1.

Jan. 16, 1996.

Tomme J. Fent, Oklahoma City, for Appellant.

Michael D. Duncan, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellant brought this action against Appellee, funeral home, for negligence and intentional infliction of emotional distress arising from the alleged wrongful cremation of Appellant's deceased mother. The trial court granted summary judgment in favor of Appellee/Defendant, funeral home, and from that final order Appellant seeks review.

After Appellant's mother died in a house fire on March 14, 1993, her son, Appellant's brother, the next day arranged for cremation and funeral services with Appellee funeral home. A permit was applied for and issued by the state medical examiner's office pursuant to 63 O.S.1991 § 1–329.1. A cremation was performed by the Demuth Corp. d/b/a

Area Cremation Services[1] on March 16, 1995.

Appellant contends her brother entered into the funeral and cremation arrangement without her knowledge. She also alleges that at 1:15 o'clock p.m. on March 15, 1993, she called the funeral home and spoke with an employee named Stittsworth who informed Appellant of the arrangements made by her brother. She told Stittsworth that she did not agree with the decision to cremate. She states in her affidavit that Stittsworth said he would stop the cremation. The next morning, March 16, 1993, Appellant met with Stittsworth at the funeral home who told her that the cremation had already been performed.

Regarding her negligence claim, Appellant contends the Appellee funeral home breached its duty of care in authorizing the cremation without her consent. She also alleges Appellee negligently supervised its employee, Stittsworth. Her third claim is for "intentional and/or negligent infliction of emotional distress".

In its Motion for Summary Judgment, Appellee argues that it had no duty to obtain Appellant's consent prior to cremation. It had the authorization of Appellant's brother and, it is argued, it was not obligated to determine the existence of other heirs and obtain their consent as well. Alternatively, Appellee sought summary judgment on the grounds that in alleging only damages for mental anguish and distress, and absent any contemporaneous physical injury, Appellant had no recoverable damages.

In reviewing a grant of summary judgment this Court will review the pleadings and evidentiary materials submitted to the trial court and view all the inferences and conclusions that can be drawn therefrom in the light most favorable to Appellant. *Johnson v. Mid–South Sports, Inc.,* 806 P.2d 1107 (Okla.1991). We must reverse the grant of summary judgment if the materials submitted to the trial court indicate a substantial controversy exists as to any material fact. Id. at 1108.

The "undisputed" facts set forth by Appellee in support of its motion appear, in fact, to be undisputed. However, Appellants facts render summary judgment inappropriate. Appellant's brother contracted with Appellee funeral home to provide funeral services and cremation of their mother's body. The affidavit of Mr. Stittsworth, the director of Appellee funeral home, states that the brother represented to him that he had the authority to make these arrangements. The brother applied to the state medical examiner's office for a permit allowing the cremation. The Application immediately above the brother's signature states, "I hereby certify that I am the person having the legal authority to dispose of the remains of the above-named decedent and that application is made herewith for permission to dispose of the body." The Permit authorized the funeral home to "proceed with cremation". The body was cremated on March 16, 1993.

There is no question that Appellant's brother was a proper party to arrange for the disposition of the mother's body. There was no surviving spouse, and in such event, "... the duty of burial devolves upon any person or persons in the same degree nearest of kin to the deceased, being of adult age, and possessed of sufficient means to defray the necessary expenses." 21 O.S.1991 § 1158(2nd.). And it is this person who is legally responsible for the disposition of a body, who, if he desires that it be cremated, must complete the application-permit form with the state medical examiner's office. 63 O.S.1991 § 1–329.1.

Here, there were actually three children of the deceased who were the next of kin in the same degree. Appellant's theory is based on the legal conclusion that a funeral home in such situation would be obligated to obtain the consent of all such next of kin before it could proceed with whatever disposition of the body is requested. Cited for this proposition is the case of *Heiligman v. Chambers,* 338 P.2d 144 (Okla.1959). *Heiligman* holds

---

1. The Demuth Corporation was formerly a defendant in this case, but was dismissed and is not a party to this appeal.

that it is necessary to obtain the consent of "all persons in the same degree next of kin" to disinter, remove and rebury a body. No authority is cited that would obligate a funeral home to obtain a consent from each such next of kin for the initial disposition of the body, whatever disposition is chosen. The decision sought by Appellant would effectively obligate a funeral home to investigate the family of the deceased to determine the next of kin, to find those people and obtain their consent to the requested disposition. This is not only not the law, but is highly impractical.

■ In the instant case, Appellant's brother represented that he was the person having the legal authority to dispose of the bodily remains. Absent additional information that places such representation in doubt, the funeral home should be entitled to rely thereon with no duty to identify, then seek and obtain, the permission or consent of other possible next of kin.

Irrespective of the above, Appellant offered evidence, that if believed, could establish a prima facie case of negligence. Her affidavit states that she called Mr. Stittsworth of Appellee funeral home at 1:15 o'clock p.m., on March 15, 1993, at which time Stittsworth informed her of his instructions from her brother to arrange for cremation. She told Stittsworth then that she did not agree with nor authorize the cremation. The affidavit further states that he would stop the cremation. She called the funeral home later that day to discuss burial arrangements and was told by another employee (Stittsworth had left for the day) that cremation had already been done. That evening, Appellant called Stittsworth at home. He told her he had been successful in stopping the cremation. The next morning, March 16, she went to the funeral home where she was told by Mr. Stittsworth that the body had, in fact, been cremated. Stittsworth's affidavit states that the cremation was done on that day, March 16.

■ Upon being advised by Appellant that she did not agree with the cremation, the funeral home had the duty to stop the cremation if possible. Such knowledge of disagreement between next of kin with equal authority to dispose of the bodily remains overrides Appellant's brother's representation that he had the authority to determine the disposition of the body. Sufficient facts exist creating at least a question of fact as to whether Appellee funeral home did what it reasonably should have done. If it did not, absent other possible defenses, such conduct is actionable.

■ Appellee's second ground for summary judgment was, absent a physical "injury", Appellant could not recover damages for mental anguish in a negligence case. Appellant's affidavit describes her damages caused by the shock of learning that her mother's body was cremated. She states that she experienced "feelings of acute distress, panic, fear, shock, physical pain and nausea." Because there is at least minimal evidence of physical symptoms, the lack of recoverable damages cannot be the basis for summary judgment. Although a plaintiff may not recover for mental anguish alone in a negligence case, if there is some physical suffering connected therewith, the mental anguish may be recovered for. *Ellington v. Coca Cola Bottling Co. of Tulsa*, 717 P.2d 109 (Okla.1986). Because there was evidence of physical suffering that accompanied the mental suffering, the physical and mental pain and suffering are both recoverable items of damage.

The order granting summary judgment must be reversed. The case is remanded to the trial court for further proceedings consistent herewith.

REVERSED AND REMANDED.

JOPLIN, J., dissents.

ADAMS, V.C.J., concurs.