**Robert LIDDINGTON and Shirley Liddington, individually, and as parents and next friends of Holly Nicole Liddington, a minor, Plaintiffs,**

v.

**Larry A. BURNS, D.O., Larry A. Burns, D.O., Inc., James E. Short, M.D. and James E. Short, M.D., Inc., Defendants.**

No. CIV–95–0005–M.

United States District Court, W.D. Oklahoma.

Jan. 26, 1996.

---

**4.** This finding is expressly limited to the peculiar facts of this case.

David L. Thomas and Glendell D. Nix, Oklahoma City, Oklahoma, for plaintiffs.

John Wiggins and Randall Sewell, Oklahoma City, Oklahoma, for defendants.

## ORDER

MILES–LaGRANGE, District Judge.

On October 31, 1995, the Court entered an order finding that (1) Oklahoma would, if presented the question, recognize wrongful birth actions; (2) extraordinary medical expenses and other pecuniary losses proximately caused by the alleged negligence are recoverable and (3) normal and foreseeable costs of raising a normal, healthy child are not recoverable. The Court also directed the parties to file briefs on the following additional issues relating to damages: (1) over what period of time (age of majority or life of the child) the parents' extraordinary medical expenses and other pecuniary losses should be recoverable; (2) whether damages for the parents' emotional distress should be recoverable and (3) any other issue relating to elements of damages that should or should not be recoverable. Both sides filed briefs on December 1, 1995, and defendants, James E. Short, M.D. and James E. Short, M.D., Inc. (collectively, "Dr. Short"), filed a supplemental brief December 14, 1995. Based on the parties' arguments, the Court makes its determination.

I. *Over what period of time (age of majority or life of the child) the parents' extraordinary medical expenses and other pecuniary losses should be recoverable.*

Plaintiffs concede they seek medical and other pecuniary damages only from the time of their child's birth until she reaches the age of majority. Thus, there is no issue in this case as to whether a plaintiff may recover such damages after the child reaches the age of majority.

II. *Whether damages for the parents' emotional distress should be recoverable.*

A. *Negligent infliction of emotional distress.*

In his supplemental brief, Dr. Short directs the Court's attention to an unpublished decision from this district, *McGinnis v. Hillis*, CIV–90–1424–T. In *McGinnis*, the plaintiffs asserted a claim for negligent infliction of emotional distress and the Court granted summary judgment in favor of defendants on that claim, holding that a parent cannot recover for mental distress "on account of physical injury sustained by a child." *See* Order at p. 5 (June 11, 1991) (citing *Van Hoy v. Oklahoma Coca–Cola Bottling Co.*, 205 Okla. 135, 235 P.2d 948, 949 (1951)), attached as Exhibit A to Dr. Short's Supplemental Brief on Damages Recoverable in a Wrongful Birth Action.

This Court agrees with the *McGinnis* decision. However, it is not controlling here, because the Liddingtons have not asserted a claim for negligent infliction of emotional distress. Rather, they have asserted a negligence claim.

B. *The child's mental anguish.*

Although neither side addressed the child's mental anguish in their briefs, the Court clarifies that the child is not a plaintiff in this case. Thus, any mental anguish that may have been suffered by the child as a result of Dr. Short's alleged negligence is not an issue in this case.

C. *The Liddingtons' mental anguish suffered "on account" of the child's injury.*

As noted in *Van Hoy,* the Liddingtons may not recover for any mental anguish they may have suffered "on account of" their child's injury. *See also Slaton v. Vansickle,* 872 P.2d 929 (Okla.1994) (plaintiff may not recover damages for emotional distress because "he still cannot show his injury resulted from a wrong to *him....*")

D. *The Liddingtons' mental anguish suffered "on account of" their own injury.*

Under *Ellington v. Coca–Cola Bottling Co. of Tulsa, Inc.,* 717 P.2d 109 (Okla.1986), the Liddingtons may recover for mental anguish they may have suffered "on account of" their own injury.

Their alleged injury is being deprived of their right to decide whether to bear a child with a genetic or other defect. The Oklahoma Supreme Court held, in *Ellington,* that a plaintiff "may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering." *Id.* at 111 (reversing the trial court's entry of summary judgment in favor of defendant). *See also McMeakin v. Roofing and Sheet Metal Supply Co. of Tulsa,* 807 P.2d 288, 290 (Okla.Ct. App.1990) ("Recovery does not depend upon physical impact or the nature of the tortious conduct, but on the nature of the results.")

Thus, if the Liddingtons prove Dr. Short was negligent, and if they prove Dr. Short's negligence caused them mental anguish accompanied by physical suffering, they may recover for that mental anguish. *Id.; see also* Oklahoma Uniform Jury Instructions 4.1.

III. *Any other issue relating to elements of damages that should or should not be recoverable.*

Neither the Liddingtons nor Dr. Short directed the Court's attention to any other issue relating to elements of damages that should or should not be recoverable.

**IT IS SO ORDERED.**