RIDINGS v. MAZE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:RIDINGS v. MAZE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

RIDINGS v. MAZE2018 OK 18Case Number: 115782; Comp. w/115869Decided: 03/06/2018THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 18, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

JASON RIDINGS and KATHRYN RIDINGS, personally and as parents and next friends of H.R., a minor, T.R., a minor, and P.R., a minor, Plaintiffs/Respondents,
v.
ALEXANDRIA MAZE, LANCE MAZE, CHERYL MAZE, and NORMAN PUBLIC SCHOOLS, Defendants/Petitioners.

ON APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY,
OKLAHOMA, THE HONORABLE TRACY SCHUMACHER, DISTRICT JUDGE

¶0 Plaintiffs/Respondents filed this negligence suit alleging that minor Plaintiff, H.R., was struck by a car driven by Defendant, Alexandria Maze, after H.R. exited from a school bus operated by Defendant, Norman Public Schools. Defendants Lance and Cheryl Maze, the driver's parents, moved to dismiss the claims of infliction of emotional distress against them. The trial court denied their motion but certified its order as immediately appealable. The school also sought dismissal of the claims against it. The trial court granted dismissal of the intentional infliction of emotional distress claim against the school but denied dismissal of the remaining claims. This Court granted certiorari to review the interlocutory orders and retained the matters which were appealed separately.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Jake S. Aldridge, Marcus D.A. Pacheco, Foshee & Yaffe, Oklahoma City, OK, for Plaintiffs/Respondents.

Ronald L. Walker, Jerry D. Noblin, Jr., Tomlinson McKinstry, P.C., Oklahoma City, OK, for Alexandra Maze, Lance Maze, and Cheryl Maze, Defendants/Petitioners.

Frederick J. Hegenbart, Jerry A. Richardson, Rosenstein, Fist & Ringold, Tulsa, OK, for Norman Public Schools, Defenants/Petitioners.

Winchester, J.

¶1 Two appeals arising out of the same litigation are disposed of in this opinion. The dispositive issue in both appeals centers on whether the bystander plaintiffs, who were not involved in the auto-pedestrian traffic accident but say they witnessed it from the window of their house, can recover against the defendants for infliction of emotional distress. We find Oklahoma law requires dismissal of the emotional distress claims herein.

BACKGROUND

¶2 Upon crossing the street after exiting a Norman Public Schools1 ("NPS") bus, H.R. Ridings, a minor child, was struck by a car driven by Alexandria Maze ("Driver"). Plaintiffs, Jason and Katheryn Ridings, parents of H.R., brought suit on behalf of H.R., as well as on their own behalf and on behalf of two of their other minor children who are all alleged to have witnessed the accident from the window of their house. Plaintiffs sued the driver, the driver's parents, Lance and Cheryl Maze ("Driver's Parents"), and NPS for, among others, intentional and negligent infliction of emotional distress as a result of witnessing the accident.2

¶3 Driver's Parents and NPS filed separate motions to dismiss, each arguing that Oklahoma law does not recognize a claim for infliction of emotional distress under the facts alleged by Plaintiffs. The trial court denied both motions but certified the rulings for interlocutory appeal. We previously granted certiorari, treated these related appeals as companion cases, and have retained both matters (Case No. 115,782 against Driver's Parents and Case No. 115,869 against NPS) to adjudicate in a single opinion. See Okla. Sup. Ct. R. 1.27(d); Redding v. State, 1994 OK 102, 882 P.2d 61; McMinn v. City of OKC, 1997 OK 154, 952 P.2d 517.

DISCUSSION

¶4 A petition may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Indiana National Bank v. State Dept. of Human Services, 1994 OK 98, ¶ 4, 880 P.2d 371, 375. A motion to dismiss is granted when "there are no facts consistent with the allegations under any cognizable legal theory." Wilson v. State ex rel. State Election Bd., 2012 OK 2, ¶ 4, 270 P.3d 155, 157. When evaluating a motion to dismiss, a court must examine only the controlling law, not the facts." Wilson at ¶ 4.

¶5 The courts must take as true all of the challenged pleading's allegations, together with all reasonable inferences which may be drawn from them. Indiana National Bank v. State Department of Human Services, 1994 OK 98, ¶ 3, 880 P.2d 371, 375. A pleading will not be dismissed for failure to state a claim unless the allegations show beyond any doubt that the litigant can prove no set of facts which would entitle him to relief. Indiana National Bank v. State Department of Human Services, 1994 OK 98, ¶ 4, 880 P.2d 371, 375-376.

I. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

¶6 The negligent causing of emotional distress is not an independent tort, but is in effect the tort of negligence. Lockhart v. Loosen, 1997 OK 103, ¶ 16, 943 P.2d 1074, 1081. Before emotional distress damages can be awarded, a plaintiff must establish: a duty on the part of the defendant to protect the plaintiff from injury, a failure of the defendant to perform the duty, and an injury to the plaintiff resulting from the failure. Kraszewski v. Baptist Med. Ctr., 1996 OK 141, ¶ 1, 916 P.2d 241, 243, fn. 1.

¶7 To recover for emotional distress under Oklahoma law, "a plaintiff must . . . be a 'direct victim' rather than a 'bystander.'" Kraszewski at ¶ 10. Direct victims are those individuals who are "directly physically involved in the accident," but whose emotional distress results from the suffering of another. Kraszewski at ¶ 8. Bystanders, on the other hand, are those individuals who are not directly involved in the accident, but are seeking damages for emotional distress resulting from witnessing the injury of another. Kraszewski at ¶ 7. See also Shull v. Reid, 2011 OK 72, n. 5, 258 P.3d 521 ("The plaintiff must be a victim, not a bystander, directly involved in the incident, damaged from directly viewing the incident and a close family relationship must exist between the plaintiff and the party whose injury gave rise to plaintiff's mental anguish.").

¶8 We have identified a direct victim as one who was involved in the same accident that gave rise to their emotional suffering. Kraszewski at ¶ 11. In Kraszewski, a drunk driver hit an elderly couple walking hand-in-hand in a store parking lot. The husband was struck in the shoulder, chest, and knee while his wife was trapped under the vehicle as it continued to drive. The husband subsequently brought an emotional distress claim for witnessing his wife's fatal injury. The Court allowed the husband to recover since he was a direct victim who "was part of the accident which caused the mental suffering." Kraszewski at ¶ 11.

¶9 This Court first addressed the bystander theory of recovery for emotional distress in Slaton v. Vansickle, 1994 OK 39, ¶ 15, 872 P.2d 929, 931. In Slaton, a negligently manufactured rifle discharged as the gun owner was loading it into his vehicle. Unknown to him at the time, a child was killed from the stray shot. When the gun owner later learned a child died from the shot, he sued the manufacturer to recover for emotional distress. This Court rejected the bystander theory of recovery and reiterated that "recovery for mental anguish is restricted to such mental pain or suffering as arises from an injury or wrong to the person rather than from another's suffering or wrongs committed against another person." Slaton at ¶ 12. The death of the child caused the gun owner's emotional distress when he later learned of it, it was not the shot from the gun itself. The court did not allow the gun owner to recover because "his injury resulted from the wrong to another." Slaton at ¶ 15.

¶10 Recognizing this Court's precedent would not allow recovery for the alleged emotional distress herein, Plaintiffs advocate for this Court to adopt a more lenient approach. However, in Slaton, and again later in Kraszewski, this Court specifically rejected an expanded theory of bystander recovery for emotional distress such as was adopted by the California case of Dillon v. Legg, 68 Cal.2d 728, 69 Cal.Rptr. 72 (1968). In Dillon, a mother was a bystander to an auto accident in which her child was killed. The child had been crossing a street when she was struck by a vehicle. The mother was not crossing the street and was not otherwise involved in the accident, but did allegedly witness it. Although she was not directly involved, the California court allowed the mother to recover for emotional distress because of her "physical closeness" to the accident, her "contemporaneous observation of the accident" and her "close relationship" with the accident victim.

¶11 Just as we declined to adopt Dillon's bystander approach in Slaton and Kraszewski, we decline to do so here today.3 The uncontested facts of the instant matter establish Plaintiffs' emotional distress arose from allegedly witnessing the accident from the window of their house. In Kraszewski, the husband was allowed to recover emotional distress for witnessing a drunk driver fatally hit his wife. However, he was physically injured by the drunk driver's car. Unlike the husband in Kraszewski, the driver herein did not physically harm Plaintiffs, nor were Plaintiffs even outside or in harm's way. Rather, this case is similar to Slaton because Plaintiffs' emotional distress "resulted from the wrong to another"--the driver injuring their child. Consequently, Plaintiff's' claims fall under Kraszewski's definition of a "bystander" because the basis for liability rests solely on the fact that they witnessed the accident, not that any defendant physically injured them.

¶12 The controlling law in Oklahoma requires Plaintiffs to establish they were a direct victim in order to recover for emotional distress. Because Plaintiffs are bystanders, rather than direct victims, they have no basis for recovery and their claims for emotional distress should be dismissed.

II. Intentional Infliction of Emotional Distress

¶13 To establish a cause of action for intentional infliction of emotional distress, a plaintiff must prove extreme and outrageous conduct done intentionally or recklessly by the defendant which resulted in severe emotional distress in the plaintiff. Kraszewski, at ¶ 14, citing Breeden v. League Services Corp., 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377--78. Liability for the tort has only been found where the offending conduct "has so totally and completely exceeded the bounds of acceptable social interaction that the law must provide redress." Miller v. Miller, 1998 OK 24, ¶ 33, 956 P.2d 887, 901. The trial court must act as a gatekeeper to ensure that only valid claims reach the jury. Computer Publications, Inc. v. Welton, 2002 OK 50, ¶ 16, 49 P.3d 732, 737. Nothing in Plaintiffs' Petition alleges conduct on the part of Driver's Parents which would be sufficient to show intent or outrageousness. Accordingly, this claim against Driver's Parents is dismissed.4

III. Remaining Claims Against NPS, Case No. 115,869

¶14 Plaintiffs' Petition alleges additional claims against NPS for respondeat superior for the alleged negligence of the school bus driver and also for negligent training and supervision. NPS argues that Plaintiffs' Petition set forth no facts to support these claims, instead relying on conclusory assertions of negligence. NPS further urges that it owed no duty to H.R. because the accident occurred after H.R. had exited the school bus. The trial court disagreed and declined to dismiss the negligence claims against NPS.

¶15 Taking Plaintiffs' Petition as true, as we must when reviewing a motion to dismiss, it cannot be said that the allegations show that Plaintiffs can prove no set of facts in support of their theories of recovery. Dismissal of the case at this stage would be premature. The Oklahoma Pleading Code does not require plaintiffs to set out in detail the facts upon which their claims are based. Fanning v. Brown, 2004 OK 7, ¶ 19, 85 P.3d 841, 847.

¶16 Plaintiffs' petition alleged that the bus driver was "wrongful, careless and negligent in operating" the school bus and that as a result of this negligence, Plaintiff, H.R., was injured by Maze's vehicle. Plaintiffs further allege that NPS failed to properly train and supervise the bus driver and that this failure breached the duty to transport its students in a manner calculated to prevent harm and that H.R. was injured as a result. Whether the bus driver was negligent in fulfilling the duty of providing reasonable care to H.R., and whether any breach of that duty was foreseeable, remain unknown at this stage of the litigation. Plaintiffs may or may not be able to prove a set of facts exists which would ultimately find NPS liable. Such facts will be borne out by discovery and, as such, dismissal of the case against NPS is premature at this time.5

CONCLUSION

¶17 Under Oklahoma law, infliction of emotional distress is established when (1) the plaintiff was directly physically involved in the incident, (2) the plaintiff was injured from actually viewing the injury, and (3) a close personal relationship exists between the victim and the plaintiff. Kraszewski v. Baptist Med. Ctr., 1996 OK 141, ¶ 18, 916 P.2d 241, 250. The bystander Plaintiffs were not directly involved in the accident which injured H.R. and their claims for negligent and intentional emotional distress against Driver's Parents must be dismissed. Further, because Plaintiffs' allegations could accommodate a set of facts which would be actionable in negligence, we cannot find that the petition does not state a cause of action in negligence against NPS. Accordingly, we reverse the trial court as to its rulings on the infliction of emotional distress claims at issue on appeal, and affirm the denial of the dismissal as to the remaining negligence claims against NPS.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Concur: Combs, C.J., Gurich, V.C.J., Kauger, Winchester, Edmondson, Reif, and Wyrick, JJ.

Dissent: Colbert, J.

FOOTNOTES

1 The correct name for NPS is Independent School District No. 29 of Cleveland County, Oklahoma.

2 The remaining claim against the Driver's Parents, not at issue in this appeal, is for negligent entrustment as the owners of the vehicle that struck H.R. The remaining claims against NPS, for negligence, will be addressed herein.

3 Later California cases have recognized that Dillon's case-by-case approach to evaluating claims for negligent infliction of emotion distress "has not only produced inconsistent rulings in the lower courts, but has provoked considerable critical comment by scholars who attempt to reconcile the cases." See, e.g., Thing v. La Chusa, 48 Cal. 3d 644, 661, 771 P.2d 814, 825 (1989)("the only thing that was foreseeable from the Dillon decision was the uncertainty that continues to this time as to the parameters of the third-party NIED action.")

4 The trial court previously dismissed the claim of intentional infliction of emotional distress against NPS as NPS is a political subdivision of the State of Oklahoma and therefore not liable for the intentional torts of its employees under Oklahoma's Governmental Tort Claims Act, 51 O.S.2011, § 151 et. seq. This dismissal is not at issue on appeal.

5 The Court renders no opinion regarding the ultimate determination of the liability, if any, of NPS; rather, we merely hold that it is premature, absent the opportunity for preliminary discovery, to grant dismissal of these negligence claims.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1994 OK 39, 872 P.2d 929, 65 OBJ 1416, Slaton v. VansickleDiscussed
 1994 OK 98, 880 P.2d 371, 65 OBJ 2520, Indiana Nat. Bank v. State Dept. of Human ServicesDiscussed at Length
 1994 OK 102, 882 P.2d 61, 65 OBJ 3052, Redding v. StateDiscussed
 1996 OK 141, 916 P.2d 241, 67 OBJ 1181, KRASZEWSKI v. BAPTIST MEDICAL CENTER OF OKLAHOMA, INC.Discussed at Length
 1997 OK 103, 943 P.2d 1074, 68 OBJ 2550, LOCKHART v. LOOSENDiscussed
 2002 OK 50, 49 P.3d 732, COMPUTER PUBLICATIONS, INC. v. WELTONDiscussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWNDiscussed
 2011 OK 72, 258 P.3d 521, SHULL v. REIDDiscussed
 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARDDiscussed
 1978 OK 27, 575 P.2d 1374, BREEDEN v. LEAGUE SERVICES CORP.Discussed
 1997 OK 154, 952 P.2d 517, 69 OBJ 42, McMINN v. CITY OF OKLAHOMA CITYDiscussed
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLERDiscussed
Title 51. Officers
 CiteNameLevel

 51 O.S. 151, Short TitleCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA